IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

### JANUARY TERM, 1877.

PRESENT—HIRAM WARNER..............CHIEF JUSTICE.
L. E. BLECKLEY...............JUDGE.
JAMES JACKSON............... "

WILLIAM A. HUFF, plaintiff in error, *vs.* RIPLEY & TINSLEY *et al.*, defendants in error.

[Jackson, J., having been of counsel, did not preside in this case.]

Where complainant has a complete remedy at law, equity will not assume jurisdiction, even in cases of fraud; especially where to assert such jurisdiction, would cause the main parties defendant to litigate out of the county of their residence.

Equity. Jurisdiction. Fraud. Before Judge Hill. Bibb Superior Court. April Adjourned Term, 1876.

Reported in the decision.

R. W. JEMISON; R. K. HINES; LYON & NISBET; BACON & RUTHERFORD, for plaintiff in error.

LANIER & ANDERSON, HILL & HARRIS ; WASHINGTON DESSAU, for defendants.

Warner, Chief Justice.

The complainant filed his bill on the equity side of the court, in the county of Bibb, against Ripley & Tinsley, of said county, merchants and brokers, and J. W. Lathrop & Co., commission merchants and factors of the county of Chatham, and William L. Lampkin & Co., bankers of the county of Monroe, and B. Pye & Son., bankers of the last named county, in which he alleged that Ripley & Tinsley, as the brokers and agents of J. W. Lathrop & Co., had, on the 15th of March, 1875, purchased of the complainant a quantity of bacon and paid therefor in a note made by William L. Lampkin & Co., and Pye & Son, for $2,500, dated 12th of March, 1875, due sixty days after date, payable to the order of W. L. Lampkin & Co., and indorsed by them—with a prayer that Ripley & Tinsley, J. W. Lathrop & Co., and W. L. Lampkin & Co. (the said B. Pye & Son., having been adjudged bankrupts), they and each of them might be decreed to account with complainant for the sum of $2,500, the cash value of said bacon, with interest thereon, which had been wrongfully and fraudulently obtained from complainant as set forth in his bill, and that the said J. W. Lathrop & Co., be compelled to take back said note, and that all be compelled to account jointly and severally for said bacon. The complainant waived all discovery from the defendants. The defendants demurred to the complainant's bill on the ground that he had a full and adequate remedy at law, and because no substantial relief is prayed against any of the defendants residing in the county of Bibb, and no grounds for relief alleged against them, which would give the court jurisdiction to grant the relief prayed for against J. W. Lathrop & Co., of Chatham county. The court sustained the demurrer and dismissed the complainant's bill : whereupon the complainant excepted.

The alleged equity of the complainant, as set forth in his bill, is, in substance, that Lampkin & Co., and Pye & Son., were largely indebted to Lathrop & Co., to-wit, in the sum of $20,000.00, though that fact was not generally known, and their credit as merchants and bankers was good ; that a few days before the 12th of March 1875, Lampkin & Co., and Pye & Son., knowing of their inability to pay their indebtedness, secretly and privately advised Lathrop & Co. of their failing condition, who went to their place of business, examined into their pecuniary affairs, and ascertained their insolvent condition, whereupon it was agreed between Lampkin & Co., Pye & Son., and Lathrop & Co., that the former should execute to the latter certain notes of $2,500.00 each, dated 12th of March, 1875, due sixty days after date, for the aggregate amount of $20,000.00, said notes to be signed by Lampkin & Co., and Pye & Son., payable to the order of Lampkin & Co., and indorsed in blank by them ; that after obtaining said notes, Lathrop & Co. placed the same in the hands of Ripley & Tinsley, brokers, to be traded off by them under a promise of extra commissions, for goods, wares, and merchandise, in the city of Macon, knowing that the makers and indorsers of said notes were insolvent ; that on the 15th of March, 1875, Ripley & Tinsley proposed to purchase of complainant bacon to the amount of $2,500.00, and pay for the same with one of the before mentioned notes, concealing the fact that Lathrop & Co. were the owners thereof, they assuring complainant that the note had been sent to Macon to buy meat, and that it was all right ; that upon this assurance and representation, he delivered to them, at the Central Railroad depot, in Macon, $2,500, worth of bacon at the then market price, and which was shipped by them in their own name to Savannah, for the benefit of Lathrop & Co. Complainant alleges that said note, so received for his bacon, is, and was, entirely worthless.

Does the record in this case exhibit such a state of facts as to show affirmatively that the court below erred in sustaining the demurrer, and dismissing the complainant's bill ?

The answer to that question depends on the proper construction to be given to the several sections of the Code hereinafter recited. Taking the allegations in the complainant's bill to be true, there was a gross fraud practiced on the complainant by Ripley & Tinsley and Lathrop & Co., in purchasing the bacon from the complainant, and paying for the same with the $2,500 note, under the circumstances as charged therein. By the 3172nd section of the Code, it is declared "that in all cases of fraud (except fraud in the execution of a will) equity has concurrent jurisdiction with the courts of law." The 3100th section declares that "generally, equity jurisprudence embraces the same matters of jurisdiction and modes of remedy in Georgia, as was allowed and practised in England." The 3084th section declares that "equity jurisdiction is established and allowed for the protection and relief of parties, when, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong, or relieving for injuries done." Construing these three sections of the Code together, the fair and reasonable interpretation of the 3172nd section is, that in all cases of fraud (except fraud in the execution of a will), equity has concurrent jurisdiction with the courts of law, where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting the rights of the party complaining for an injury done him. The policy of the legislation in this state has been, to restrict the jurisdiction of courts of equity, and not to enlarge it. If therefore a party plaintiff, can obtain as full and adequate relief for an injury done him by the fraudulent conduct of another, in a court of law, as in a court of equity, there is no reason or foundation for invoking the jurisdiction of the latter court, the more especially when that jurisdiction is sought for the purpose of bringing parties from the county of their residence, to litigate their rights in another and distant county therefrom. *Ellis vs. Lamar* 44*th Georgia Rep.*, 9. The complainant could have brought his action of deceit or trover for the bacon,

against Ripley & Tinsley, or against Lathrop & Co., treating the sale of the bacon as void on account of the alleged fraud, and recovered damages for the loss sustained from the defendants, there being no allegation of insolvency. The prayer of the complainant is that the defendants may be compelled to account and pay him for the bacon, and his remedies to compel the defendants to do that, according to the allegations contained in his bill, were as adequate and complete in a court of law as in a court of equity. Inasmuch as the record does not affirmatively show that there was error in sustaining the demurrer and dismissing the complainant's bill, the judgment of the court below is affirmed.

Judgment affirmed.