PHINIZY, surviving partner, *vs.* CLARK.

[This case was argued at the last term and decision reserved.]

1. As an absolute deed, though made as security for a debt, passes title, a judgment subsequently rendered against the grantor has no lien upon the land that can be enforced by levy and sale until the title has become revested by redemption.

2. If, however, the conveyance is fraudulent, it will pass no titles as against creditors.

3. The recording or not recording of the deed, is irrelevant except upon the question of fraud.

Deeds. Mortgage. Judgments. Registry. Levy and

sale. Before Judge HALL. Newton Superior Court. March Term, 1878.

Phinizy & Co., filed their bill against Clark, who resisted by answer, and at the trial the evidence made, in brief, the following case :

On April 17, 1874, Henderson being indebted to complainants for borrowed money, to secure the debt, conveyed to them by absolute deed an undivided half interest in a certain tract of land situated in the town of Covington. The deed was not duly recorded within one year from its date, nor until September 9, 1876. Harris had held the other half interest, and Henderson had purchased the same from Harris, giving his note (dated June 4, 1873), for the purchase money, and taking bond for title. This note not being met at maturity, suit was instituted thereon, and judgment rendered against Henderson at the September term, 1875. Execution was issued, a deed from Harris to Henderson filed, and a levy made upon the whole land. At the sale made under this levy, public notice was given to bidders, of complainants' title, and the defendant became the purchaser. He took and held possession of the whole, and claimed as sole owner. There were improvements upon the property of considerable value, and constituting the chief value of the premises. The defendant, without notice to complainants, removed them, or they were removed by parties to whom he sold them, he retaining the land. The complainants, by their bill, prayed that the defendant be required to account to them for one-half of the value of the buildings removed, and that partition of the land be had by means of a sale.

Pending the litigation one of the complainants died, and and the case proceeded in the name of the survivor. The jury found for the defendant. The complainant moved for a new trial upon the following grounds :

1st. Because the court erred in permitting the defendant to show by parol that the deed from Henderson to the complainants was given to secure a debt, was intended as a mort-

gage, and not as an absolute conveyance. Upon this ground the court remarks that the testimony disclosed that Henderson remained in possession after the execution of the instrument, exercising the same rights of ownership over the property as before.

2. Because the court erred in charging the jury, that if it was the intention of the parties that the paper from Henderson to the complainants should not be a deed, and pass title until the debt was paid, but simply a security for the debt, then it was a mortgage.

3. Because the court erred in charging as follows: " Although you may believe the paper a deed, still, if it was intended to pass the title until the debt from Henderson to complainants was paid, and not intended to be an unconditional deed, the law in reference to a failure to record a mortgage should apply to a failure to record this paper. If a mortgage is not recorded within the time prescribed by statute, the lien is postponed to all judgment liens obtained against the property mortgaged; and if the property be sold under such judgment, the purchaser gets a title unincumbered by the mortgage, although he, the purchaser, may, at the time of his purchase, have notice of the mortgage."

4. Because the court erred in charging that if the paper was a mortgage, the jury must find for the defendant.

The motion was overruled and complainant excepted.

J. J. FLOYD, for plaintiff in error.

CLARK & PACE, for defendant.

BLECKLEY, Justice.

1. A copy of the deed from Henderson to the complainants is in the record. The deed purports on its face to have been made for and in consideration of five hundred and ninety-two dollars and fifty-seven cents in hand paid, and it conveys the premises, absolutely, forever, with full warranty

of title. There is no defeasance in or out of the deed ; and the evidence shows that no bond for titles or other stipulation for a re-conveyance was taken by Henderson from the complainants. So far as appears, there was not even a verbal agreement to reconvey. The real object of the conveyance, as appears by the parol testimony, was to secure a debt for borrowed money, which is still unpaid. That this form of security is valid, and when free from fraud or other infirmity, will be upheld, is now as well settled by the authority of this court as any rule of law can be. See *Braswell vs. Suber*, 61 *Ga.*, 398, and several previous cases. Such security is not a mere lien, but title, subject to be divested by payment of the secured debt. The debtor himself may redeem, or his creditors may redeem, but until redemption, the legal title is out of the debtor and in the creditor. This being so, how is it possible for a judgment rendered against the debtor subsequent to the conveyance, to have a direct legal lien upon the premises which can be enforced before redemption, by levy and sale ? Doubtless, after redemption the lien of such a judgment would relate back so as to bind the land from the date of the judgment ; at least, there would seem to be no insuperable difficulty in the way of such a result. But for a court to hold that a mere legal lien could attach and be enforced whilst the whole legal title was outstanding and unredeemed, would be preposterous. That the parties to the deed intended the legal title to pass is manifest from the deed itself, and the parol evidence indicates no intention to the contrary. What it does is to explain the consideration, and show the real object for which the deed was made, and that object, so far as we can perceive from the evidence, was a worthy and upright one ; namely, to secure an honest debt.

2. Certainly, the conveyance is open to attack for fraud, and for that purpose parol testimony as well as any other competent evidence is admissible. A fraudulent conveyance cannot stand against creditors, whether made to secure a debt or not. The conveyance must be pure—it must be

made *bona fide,* and with no purpose known to or suspected by the creditor to hamper and entangle the property as against other creditors for the sake of hindering or delaying them. If made partly to secure a debt, and partly to hinder, delay or in any way defraud other creditors, and the creditor taking the deed has knowledge of this latter intention, or grounds for reasonable suspicion, no title will pass as against the other creditors. The morality of this species of conveyance must be as high as that of any other, but need not be higher. A conveyance to secure must be in all respects as clean and clear as a conveyance for permanent ownership. The possible *indicia* of fraud are so numerous that no court could pretend to anticipate and catalogue them. It is enough that we rule there must be no fraud which would vitiate any conveyance under any section of the Code, or any part of the common law in force here, and that no material badge of fraud must be left unexplained. It should be observed that there is no evidence in the record that Henderson was insolvent.

3. The delay to record the deed has no relevancy, except upon the question of fraud. The consequence of not recording a deed within a year from its date, is not to defeat the conveyance as against subsequent judgment creditors, but as against subsequent vendees from the maker of the deed, if they purchase without notice. And as this conveyance was an absolute deed, and not a mortgage within the sense of the recording statutes, it could only have been recorded as a deed, and the recording of it as a mortgage was impossible. *Gibson vs. Hough,* 60 *Ga.,* 588. The presiding judge erred in not granting a new trial.

Judgment reversed.