LOWE, administratrix, *vs.* ALLEN.

A court of equity, upon proper proof, will reform a deed and make it speak the truth, not only as between the parties, but against everybody else except *bona fide* purchasers without notice.

(*a.*) A judgment creditor whose debt was made before the making of a deed to land, but whose judgment was obtained afterwards, did not stand on the basis of a *bona fide* purchaser without notice, so as to prevent the correction of a mistake in the deed as against him.

(*b.*) Failure to record a deed, or its attestation by but one witness, does not postpone it to judgments junior to it.

Deeds. Judgments. Debtor and Creditor. Equity. Before Judge MERSHON. Crawford County. At Chambers. October 12th, 1881.

Reported in the decision.

R. D. SMITH, by N. J HAMMOND; L. D. MOORE, for plaintiff in error.

M. D. STROUD; DUNCAN & MILLER, for defendant.

SPEER, Justice.

This was a bill filed by the defendant in error, for relief, injunction, etc., against the plaintiff in error and others, alleging, in substance, that one Harrison became indebted to complainant, and also was indebted to the intestate of plaintiff in error. To secure the debt due to complainant, Allen, he undertook to secure him by giving him a deed defeasible, under the 1969th section of the Code, to a lot of land he owned, and still owns, in Crawford county. By mistake the land was described in the deed as lot number ninety, when it should have been ninety-nine. This deed was attested by a single witness, he being a justice of the peace. Mrs. Harrison, the wife, consented to the execution of the deed, as required by the statute. This deed was made and delivered after Harrison had contracted his debt with Lowe, the intestate, and was made in good faith to secure Allen, the complainant. After the execution of the deed, Lowe, the administratrix, sued her debt to judgment and levied on the land and advertised it for sale. Allen then filed this his bill to enjoin the sale and reform his deed, by having the land described by the true number of the lot, in order that his rights as the holder of the deed might be protected. The chancellor on the hearing refused to dismiss the bill on demurrer, and granted the injunction, requiring complainant to give a bond in the sum of five hundred dollars to save defendant harmless. To the order granting the injunction and overruling the demurrer, defendant below excepted and assigns the same as error.

The deed is a good deed between the parties to it, though attested by but one witness. See Code, §2690, as construed by 17 *Ga.*, 295; 51 *Ib.*, 268. The deed

being made under section 1969 of the Code, as to third parties, no record is required, and even if not recorded it would only be postponed to younger deeds, not to judgments. Code, §§1969, 2705, 2706 ; 60 *Ga.*, 588 ; 62 *Ib.*, 623–7. In the last case cited this court ruled: "The delay to record a deed has no relevancy, except upon the question of fraud. The consequence of not record-ing a deed within a year from its date is not to defeat the conveyance as against judgment creditors, but as against subsequent vendees from the maker of the deed, if they purchase without notice." *62 Ga., 627* (3).

Neither could the plaintiff in error claim to be damaged by the non-recording of the deed, since the debt due by Harrison to her intestate was incurred before the execu-tion of the deed from Harrison to Allen, and for the same reason its defective execution, or the purpose to reform it, would not damage her, since no credit could have been extended by her intestate to Harrison on the faith of this land after the execution of the deed and by reason of the failure to put it upon record. 49 *Ga.*, 124 (3).

A court of equity, upon proper proofs, can and will re-form a deed and make it speak the truth, what the par-ties really intended, not only as between the parties but against everybody else but *bona fide* purchasers without notice, and a judgment creditor is not such a purchaser. Code, §§3114, 3123, 3119; 7 *Ga.*, 383 ; 13 *Ib.*, 88 ; 62 *Ib.*, 413 ; 40 *Ib.*, 535.

We think, under the allegations of this bill and proofs submitted, there was no error in the chancellor's granting this injunction—fully protecting, as he did, the rights of the plaintiff in error by the bond required. If the plain-tiff in error does not wish to await a trial upon the injunc-tion, by paying the amount shown to be due by Harrison to the defendant in error, she can redeem the land con-veyed as security, and then proceed with her *fi. fa.*

Let the judgment be affirmed.