COATES & COMPANY *vs.* ALLEN *et al.*

1. When this case was here before (*Comer & Co. vs. Coates & Co.*, 69 *Ga*., 491), it was held that the complainants had no right to equitable relief, because they had no judgment or other lien. The amendment does not relieve this difficulty.

(*a.*) The case in 64 *Ga*., 353, differs from this. There the creditor was prevented, by injunction, from reducing his claim to judgment.

2. It was held in this case that the remedy at law was ample by attachment, under Code, § 3297 *et seq.* Nor has this difficulty been removed.

3. Taking the amendment in connection with the original bill, and construing it most strongly against the pleader, it does not appear that the person sought to be held as a trader was in fact such at the time of the bringing of the bill. So read, the allegations seem to show that he was merely engaged in winding up his business after having sold out, and the case is controlled by the former adjudication on this point.

4. It was intimated before that, if no title to the debtor's property passed, and it could be reached and subjected at law, he was hardly insolvent, so as to come within the act of 1881.

(*a.*) The case heard here before was substantially the same as this, and controls it.

November 6, 1883.

*Res adjudicata.* Debtor and Creditor. Insolvency. Execution. Actions. Equity. Injunction. Attachment. Trader. Act of 1881. Before Judge STEWART. Upson Superior Court. January Term, 1883.

Coates & Company filed their bill against Allen·*et al.* for an injunction and receiver, under "the insolvent trader's act" of 1881, and also to set aside a transfer of property alleged to have been fraudulently made by Allen to Comer & Company for the purpose of defeating his creditors. Other creditors were made parties. The injunction was granted, and Comer & Co. excepted. This case will be found reported in 69 *Ga.*, 491 *et seq.* After the return of the case to the superior court, amendments were made, the substance of which are stated in the divisions of the decision where they are considered. Eddleman & Bowie were made parties as judgment creditors of Allen, holding two judgments, one for $40.93, and the other for $53.98 principal. [The claim of Coates & Company was for $3,184.16.] The original bill was in the hands of the chancellor, and a restraining order was granted on January 31, 1882; the bill was filed February 1, 1882, and the judgments of Eddleman & Bowie were dated on the same day. They were made parties to the bill on January 22 1883, the same day the demurrer was sustained.

The bill, as amended, was demurred to. The demurrer was sustained, and complainants excepted.

J. H. MARTIN; ALLEN & TISINGER; A. M. SPEER, for plaintiffs in error.

DENMARK & ADAMS; J. A. COTTEN; M. H. SANDWICH; J. M. SMITH; JOHN I. HALL, for defendants.

JACKSON, Chief Justice.

This case was before this court on the review of an injunction granted by Judge Stewart. The judgment was reversed, and the injunction set aside. It is now insisted by defendant in error that the court below—the same judge presiding—was controlled by the ruling in that decision, and was compelled to sustain the demurrer and dismiss the bill; while the plaintiff in error insists that the bill has been so amended as to take the case out of that ruling; and not only from the amendments, but from the fact that the answers were then under consideration with depositions, etc., a new case is before us, not like that here before, and not controlled by the decision then rendered.

On a careful reading of this record and a comparison of it with that, we must conclude that the points decided then rule the case now.

1. There is nothing in the amendments to make the case stronger for equitable interposition, outside of reliance on the act of the 28th of September, 1881, commonly called the trader's act.

It is true that one judgment creditor makes his appearance, or their appearance, as the creditor is a firm, and it is urged that this fact takes the case without the first point then ruled, which was that, under the ruling in *Cubbedge & Hazlehurst vs. Adams** and following cases, equity would not help a creditor to pursue assets sold or conveyed by the debtor, until his debt was reduced to judgment; but we do not see that this debt was reduced to judgment when the bill was really brought. It is dated the day the bill was filed, but Judge Stewart had the bill before him at chambers, in Griffin, before that date. The case in 64th *Ga.,* 353, does not help the plaintiff in error, for there the creditor was prevented by injunction from getting his claim reduced to judgment, and therefore, though he came

*42 *Ga.,* 124,

into the bill late, and his claim was adjudicated and made a judgment debt late, it was allowed to relate back to the commencement of the suit, and to give him equitable assistance to follow property transferred to voluntary donees.

Besides, the amount of the judgments is quite small; the reditors who procured them were not parties to the bill originally, but were made so on the very eve of the trial of the demurrer, and were evidently then made parties, at that late hour, to save the bill brought by the heavy and real complainant creditors.

So that we think that the door is still shut, and these creditors cannot enter over the bar ruled to be in their way when the case was here on the injunction,—the bar that they had no judgment or other lien on the property sold to Comer & Co.

2. Besides, it was then ruled that the remedy at law was ample under the act of 1873, p. 27, codified in section 3297 and following sections, by attachment, to reach all fraudulent liens made by Allen to Comer & Co. with a view to avoid the payment of his debts, aided by the act of 1877. Code, §3297 (a).

The able counsel for plaintiff in error seeks to take the case out of this ruling, too, by an amendment that the property has gone into the hands of innocent purchasers; but taking the whole bill as true, this cannot be, because the parties to whom Comer & Co. sold bought on time, it is alleged, and injunction was sought against them, and they had notice. And the chalybeate property is still in the possession of Allen.

3. So that the complainants must stand where the draftsman of the original bill put them, on the trader's act of 1881.

The points then ruled against them are unaffected by the changes made in the case. It is the same case still, and is *res adjudicata* between these parties. The main point then decided was that Allen was not a trader in the

sense of the act of 1881. An effort, by amendment, is made to change the aspect then made by the answer, affidavit and cross-bill of Allen, and still to show him a trader one month after he had ceased being one on the other trial. But reading the amendment made now in the light of the former averments in the bill, and construing it against the pleader, which are always the rules for reading and construing the bill and amendments on demurrer, and it is pretty clear that Allen was not a trader when the bill was brought.

The amendment is that,

"At the time of the filing of the original bill Joseph Allen, the principal defendant, was an insolvent trader; that at the time said bill was filed, said Allen was engaged, as his only business and employment, in the buying and selling of cotton, mules, etc., in the collection and payment of debts due him by note, mortgage, account, etc., connected with his business at Thomaston as a merchant; that when the bill was filed, it is true said Allen's store had been closed, and he had made the pretended transfer of his stock of goods, store-house, notes, etc., as complained of in the original bill, but orators charge that, while said Allen was engaged in the sale of goods, etc., as a merchant, that a part of the trading and employment, connected with his business as a merchant, was the buying and selling of cotton and other farm products, mules, etc., in the payment and collection of debts due him on credits extended to his customers for merchandise sold them on time, and orators aver and charge that said Allen never ceased the buying and selling of cotton and other farm products, mules, etc., up to the filing of said bill, but was so engaged as a trader at the time said bill was filed."

It seems to us that the thing Allen was engaged in was merely the winding up of his business, as set out in the original bill, of merchandise, etc., in which he had extended credits to his customers, and got their cotton on time in payment therefor; and if, as alleged, he had sold out notes, accounts, store-house, etc., to Comer & Co., and they to Cheney, that he was collecting for them, especially as it alleged in former parts of the bill or amendments that he was to have an interest, in consideration that the sale of these things was at a low price, and upon a confederacy to cheat the other creditors, as also alleged.

So that, reading and construing the amendment with the bill, and against the pleader, we do not see that the conclusion reached by the deposition, answer, or cross-bill of Allen, uncontradicted on this point before, is changed by the amendment now, and the fact that we now are confined to the bill and amendments alone. Besides, Allen's cross-bill is made by amendment part of the bill of complainants, and though not sent up here as part of this record, we do not shut our eyes to the fact that it exists, which this record shows, and that it was here before and sworn to by Allen, and considered on the injunction; nor on a point of *res adjudicata*, is it right that we should ignore it, when it makes part of the decision which is urged to show *res adjudicata*, and is accessible to us in our own records, and was made part of this bill, according to one of the amendments in this record now before the court.

4. So in respect to Allen's insolvency, it was intimated strongly before that, as the property could all be reached at law, because no title passed, Allen was hardly insolvent, in the sense of the act of 1881, to enable suitor to pursue insolvent traders in equity. Nothing in this record changes what was said then; but as it was an intimation and not a decision, and as the other points above decided control the case, it is unnecessary to press that.

See *Coates & Co. vs. Comer & Co.*, 69 *Ga.*, 491; 68 *Ib.*, 531; 65 *Ib.*, 559; *Ball vs. Lastinger*, this term; 62 *Ga.*, 623, 662; 61 *Ib.*, 441; 58 *Ib.*, 11; 63 *Ib.*, 312, 163.

In *Huff vs. Ripley & Tinsley et al.*, 58 *Ga.*, 11, this court say (Chief Justice Warner delivering the opinion): "If, therefore, a party plaintiff can obtain as full and adequate relief for an injury done him by the fraudulent conduct of another in a court of law as in a court of equity, there is no reason nor foundation for invoking the jurisdiction of the latter court, the more especially when that jurisdiction is sought for the purpose of bringing parties from the counties of their residence, to litigate their rights in another and distant county therefrom."

It seems to us that the case at bar is such a case. Allen's cross-bill, made, by amendment, a part of this bill, unites in the attack upon Comer & Co. They are the real, substantial parties. From them the complainants mainly seek redress, and from them Allen seeks the same thing. So far as the complainants are concerned, they can get redress at law by attachment, as ruled before and affirmed now, and we see no special need for equitable interference.

At all events, the points decisive of the case were ruled when it was here before, and substantially the same case is again before us. We cannot do otherwise than affirm a judgment based on our own decision on the same facts substantially, and between the same parties.

Judgment affirmed.