MERCER *v.* THE HOUSTON GUANO & WAREHOUSE CO. *et al.*

1. Where one who had been engaged in the business of selling commercial fertilizers had sold out the business and his entire stock of goods, the mere fact that he retained notes received for the purchase of the same would not be evidence sufficient to prove

his continuance in the business, as a trader, after the making of such sale.

2. It appearing from the evidence, fairly construed, that the defendant, at the time of the filing of the plaintiffs' petition, had ceased to be a trader, it was error to grant the injunction and appoint a receiver.

January 28, 1895.

Petition for injunction, etc.   Before Judge Griggs. Terrell county.   November 23, 1894.

J. H. Guerry, J. A. Laing and J. W. Walters, for plaintiff in error.   L. C. Hoyl, L. L. Brown, J. G. Parks, Hall & Hammond, Payne & Tye and Marion Erwin, contra.

Simmons, Chief Justice.

This case was brought under the "trader's act" of 1881. (Code, §§3149(a) et seq.)   We have repeatedly held that this act is to be construed strictly, and that to entitle creditors to the relief provided for therein, it must appear that the debtor was engaged in business as a trader at the time of the filing of the petition. (Comer & Co. v. Coates & Co., 69 Ga. 491, 493; Blanchard & Burrus v. Vansyckle, 70 Ga. 278; Coates & Co. v. Allen, 71 Ga. 787.)   And under the ruling in the case last cited, the mere fact that the debtor, after having sold out his business and stock of goods, retains notes received for the purchase of the same and is engaged in collecting them, is not sufficient to prove his continuance in the business as a trader.

It appears from the evidence in this case, that the defendant sold out his buggy business on July 16th, 1894, his warehouse and fertilizer business on August 1st, 1894, and the remainder of his stock of guano on October 18th, 1894.   The petition was not filed until November 19th, 1894.   At that time the defendant was engaged simply in collecting what was due him and the bank of which he was president.   The defendant and the parties to whom he sold out his business, stock of

guano, etc., testified that the sales were absolute and made in good faith; and the evidence introduced in behalf of the plaintiffs fails to show the contrary. Under this state of facts, the plaintiffs were not entitled to proceed against the defendant under the act referred to, and it was error to grant the injunction and appoint a receiver.                                   *Judgment reversed.*