COLEY *v.* ALTAMAHA FERTILIZER COMPANY.

FISH, C. J. A judgment against a grantor, obtained after the execution by him of a security deed, but prior to its being filed for record in the county where the land lies, is superior to such deed. Civil Code, §§ 3307, 3320; *Cabot* v. *Armstrong,* 100 *Ga.* 438 (3), 443 (28 S. E. 123); *Cambridge Tile Co.* v. *Scaife & Sons Co.,* 137 *Ga.* 281 (2) (73 S. E. 492).

(*a*) The lien of a judgment being superior to a conveyance by subsequent deed, the provisions of the Civil Code, § 6038, do not apply. That section relates to the payment of a secured debt by the holder of the judgment (a stranger to the security deed) against the grantor, before the land can be subjected to the judgment last referred to.

(*b*) Applying the rule stated to the undisputed facts of this case, the court did not err in directing a verdict finding the land claimed subject to the execution.

*Judgment affirmed. All the Justices concur.*

JULY 11, 1917.

Claim. Before Judge Highsmith. Jeff Davis superior court. April 29, 1916.

*S. D. Dell,* for plaintiff in error. *Gordon Knox,* contra.

---

EUNICE *v.* WALKER COMPANY.

FISH, C. J. The evidence was sufficient to support the verdict finding the property subject to the execution levied thereon. No ground of the motion for new trial shows cause for reversal.

*Judgment affirmed. All the Justices concur.*

JULY 11, 1917.

Claim. Before Judge Highsmith. Appling superior court. June 30, 1916.

*W. W. Bennett,* for plaintiff in error.

*Padgett & Watson* and *James W. Poppell,* contra.