In the Matter of Jane G. CLIFFORD, a/k/a Margret Jane G. Clifford d/b/a Clifford Shoes, Bankrupt.

O. Torbitt IVEY, Jr., Trustee, Appellant,

v.

TRANSOUTH FINANCIAL CORPORATION, Appellee.

No. 76–2347.

United States Court of Appeals, Fifth Circuit.

Jan. 30, 1978.

---

O. Torbitt Ivey, Jr., Atty. pro se.

John B. Long, Augusta, Ga., for appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

TUTTLE, Circuit Judge:

This appeal concerns a dispute between a trustee in bankruptcy and the holder of an improperly recorded security deed, both of whom claim priority over real property located in Richmond County, Georgia. The appellee, Transouth Financial Corporation, is the owner and holder of a security deed from the bankrupt, Jane G. Clifford, to Stevenson Finance Company, dated September 14, 1973, by which the bankrupt conveyed the property as security for an $11,000 loan. The security deed was executed in South Carolina and was witnessed by two persons, one of whom was a notary public in that state. However, the notary's seal was not placed upon the deed, an omission which rendered the security deed unrecordable under Ga. Code Ann. § 29–409. Nevertheless, the deed was actually placed of record in Richmond County.

After Clifford filed for bankruptcy, Transouth moved for leave to foreclose on its security deed. The trustee interposed as a defense the unrecordability of the deed because of the absence of the notarial seal. The bankruptcy court ruled in favor of the trustee, but the district court reversed, holding that § 70(c) of the Bankruptcy Act gives the trustee the rights of a hypotheti-

cal judgment lien creditor and that Georgia law gives an earlier unrecorded security deed priority over a subsequent judgment lien. We affirm.

The trustee's main argument on appeal is that Georgia law renders the improperly recorded security deed inadmissible as evidence of the conveyance upon which Transouth relies for foreclosure. However, Bankruptcy Rule 917 and Fed.R.Evid. 1101(b) expressly state that the Federal Rules of Evidence apply in bankruptcy cases. Under Fed.R.Evid. 901 the deed was properly admissible. In fact, its authenticity was never really disputed and the trustee appears to have conceded that the conveyance occurred. The only flaw was the absence of the notarial seal and, in light of the notary public's testimony as to execution, we see no reason why the lack of seal should affect the deed's admissibility. We doubt that the application of Georgia evidence rules would produce a different result. While unrecorded deeds are not afforded the automatic admissibility of recorded deeds, many Georgia cases have held that unrecorded deeds or mortgages may be introduced in evidence upon sufficient proof of execution. *Gray Lumber Co. v. Harris*, 127 Ga. 693, 56 S.E. 252 (1906); *Hawes v. Glover*, 126 Ga. 305, 55 S.E. 62 (1906); *Howard v. Russell*, 104 Ga. 230, 30 S.E. 802 (1898); *Long v. Georgia Land & Lumber Co.*, 82 Ga. 628, 9 S.E. 425 (1889); see *Northrop v. Columbian Lumber Co.*, 186 F. 770 (5th Cir. 1911). The trustee cites *Southeastern Equipment Co. v. Peoples Insurance & Finance Co.*, 105 Ga.App. 539, 125 S.E.2d 114 (1962), for the opposite viewpoint. However, that headnote opinion does not indicate whether any proof of execution was presented to the court. We assume then that the Georgia court was merely rejecting automatic admissibility for a copy of an unrecorded bill of sale to secure debt.

■ We turn now to the issue of priorities. The trustee's priority rights are set out in § 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c), which provides:

The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists.

Section 70(c)(3) confers the rights of a hypothetical judgment lien creditor upon the trustee. State law determines the rights of a judgment lien creditor as against other claimants.

■ Transouth's rights in this dispute are those of the holder of an unrecorded security deed. Because the security deed was executed out of state, the notarial seal was required for effective recording. Ga. Code Ann. § 29–409. The absence of the seal renders the *recording* a nullity. *McCandless v. Yorkshire Guarantee & Securities Corp., Ltd.*, 101 Ga. 180, 28 S.E. 663 (1897). However, unrecorded security deeds "remain valid against the persons executing them." Ga. Code Ann. § 67–1305. *Lowe v. Allen*, 68 Ga. 225 (1881).

■ The question thus becomes: as between the holder of a prior unrecorded security deed and a subsequent judgment lien creditor, who has priority under Georgia law? The answer to this question has changed at various times in Georgia history. Prior to 1885 an unrecorded security deed was postponed only to junior deeds held by bona fide purchasers and not to later judgments. *See, e. g., Lowe v. Allen, supra.* This rule was altered by enactment of Georgia Laws 1884–85, p. 124, later codified at section 2772 of the Code of 1895 and section 3307 of the Code of 1910, which provided in part:

Such deeds or bills of sale not recorded remain valid against the persons executing them, but are postponed to all liens

created or obtained, or purchases made, prior to the actual record of the deed or bill of sale.

The effect of this statute was to render an unrecorded security deed inferior to a judgment lien obtained prior to recording of the deed. *See Saunders v. Citizens First National Bank*, 165 Ga. 558, 142 S.E. 127 (1927).

The pre-1885 rule was restored by the Act of August 27, 1931, Ga. Laws 1931, p. 153, now codified as Ga. Code Ann. § 67–1305. It provides in part:

[Security] [d]eeds or bills of sale not recorded remain valid against the persons executing them. The effect of failure to record such deeds and bills of sale shall be the same as is the effect of failure to record a deed of bargain and sale.

The effect of failure to record a deed of bargain and sale is set forth in Ga. Code Ann. § 29–401:

The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first.

An unrecorded deed of bargain and sale is postponed only to later bona fide purchasers for value without notice. *Caldwell v. Northwest Atlanta Bank*, 194 Ga. 370, 21 S.E.2d 619 (1942), *Phinizy v. Clark*, 62 Ga. 623 (1879). Cases applying § 29–401 to disputes between unrecorded deeds and subsequent judgment liens have held that the unrecorded deed has priority. *Donovan v. Simmons*, 96 Ga. 340, 22 S.E. 966 (1895); *Lytle v. Black*, 107 Ga. 386, 33 S.E. 414 (1899). Section 67–1305 dictates the same outcome for security deeds, and many cases have so held. *Mackler v. Lahman*, 196 Ga. 535, 27 S.E.2d 35 (1943); *Parham v. Heath*, 92 Ga.App. 645, 89 S.E.2d 528 (1955); *Cairo Banking Co. v. Citizens Bank*, 63 Ga.App. 690, 11 S.E.2d 806 (1940). The Georgia courts have often noted that the 1931 law changed the rule of priorities for unrecorded security deeds and similar conveyances. *See, e. g., Massachusetts Mutual Life Insurance Co. v. Hirsch*, 184 Ga. 636, 192 S.E. 435 (1937); *Evans Motors of Georgia, Inc. v. Hearn*, 53 Ga.App. 703, 186 S.E. 751 (1936).

Nor is this conclusion altered by Ga. Code Ann. § 67–2501, which provides in part:

Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, shall, as against the interests of third parties acting in good faith and without notice, *who may have acquired a transfer or lien binding the same property*, take effect only from the time they are filed for record in the clerk's office. The said clerk shall keep a docket for such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office.

(emphasis added). The italicized portion of this section has consistently been construed to refer only to contractual liens, not liens acquired by operation of law. In *Donovan v. Simmons*, 96 Ga. 340, 22 S.E. 966, 968 (1895), the Georgia Supreme Court stated:

It is evident the word "lien," as here used, has reference exclusively to liens acquired by contract. "Lien," is a generic term, and includes both liens acquired by contract and by operation of law; but the context clearly indicates it is used here in its restricted sense as applicable only to contractual liens.

96 Ga. at 346, 22 S.E. at 968. Thus the court held that an unrecorded deed was superior to a subsequent judgment lien.

The sale of land, although the deed may not have been recorded, as between the parties to the contract, and indeed as to all the world, is a parting of the right of title and ownership from the grantor to the grantee; and to hold that an after acquired judgment against the grantor shall become a lien upon the property conveyed, would be to add to judgments a quality never possessed heretofore, and to take from a deed a condition heretofore always recognized.

96 Ga. at 347, 22 S.E. at 968. Later cases have continued to follow the *Donovan v. Simmons* interpretation of § 67–2501. *See, e. g., Caldwell v. Northwest Atlanta Bank*, 194 Ga. 370, 21 S.E.2d 619 (1942); *Griffith v. Posey*, 98 Ga. 475, 25 S.E. 515 (1896).

It is clear from these cases and others that Georgia law grants priority to an unrecorded security deed over a subsequent judgment lien. Thus, since Transouth's security deed would be valid against a judgment lien creditor, it is valid against the trustee under § 70(c)(3). *See Eichler v. Gray*, 27 F.2d 328 (9th Cir. 1928).

AFFIRMED.