THE LOWRY BANKING COMPANY, trustee, *et al.* *v.* THE ATLANTA PIANO COMPANY *et al.*

Where a mortgagee holding a first lien proceeds by equitable petition for the foreclosure of his mortgage, and the holder of a junior mortgage likewise proceeds in a separate suit at law, the former cannot, by amending his petition and enjoining the suit of the latter, thus compelling him involuntarily to litigate his rights under the proceeding first instituted, acquire a right to have any portion of the proceeds of the mortgaged property which would otherwise be applied to the extinguishment of the junior lien, appropriated to the payment of the fees of counsel representing the senior lien. And this is true even though it was necessary to the preservation of the mortgaged property, to enjoin the separate proceeding of the junior mortgagee. Section 2942 of the code is not applicable to a case of this kind.

December 4, 1894.

Motion for attorney's fees. Before Judge LUMPKIN. Fulton superior court. March term, 1894.

CANDLER & THOMSON, for plaintiffs.

ARNOLD & ARNOLD, for defendants.

Atkinson, Justice.

The Lowry Banking Company, as trustee for certain creditors of the Atlanta Pianoforte Manufacturing Company, held a deed of trust to all the property of this corporation to secure the payment of the debts described therein. A bill was filed by this trustee for the purpose of foreclosing the trust deed held by it, and the appointment of a receiver was prayed against the defendant. Subsequent to the filing of this bill, the Atlanta Piano Company (the previous name of the corporation having been changed by an amendment to its charter) executed to Mrs. Holliday a mortgage upon all its property to secure the payment of a certain debt therein described, and she proceeding to foreclose by summary statutory process her mortgage upon the property described, the plaintiff by an amendment to its bill brought her in and made her a party defendant thereto, and prayed that she be enjoined from selling the mortgaged property, upon the ground that such proceedings might tend to waste the trust estate and thereby imperil its security. Certain other common law executions having been issued against the defendant, these were likewise purchased by Mrs. Holliday; and plaintiff prayed that as to these executions she likewise be enjoined. By its amendment the plaintiff alleged that the mortgage to Mrs. Holliday was executed to delay and defraud creditors and to defeat it in the assertion of its lien under and by virtue of the trust deed. Answers were filed by the respondents. The issue formed, after stubborn and prolonged contest, was finally decided in favor of the plaintiff, the Lowry Banking Company as trustee, in so far as it set up the lien of its trust deed, though reducing the debt to some extent because of alleged usury; but was found against the Lowry Banking Company and in favor of Mrs. Holliday, in so far as it recognized and established the validity of her mortgage lien, though reducing somewhat the

amount claimed to be due thereon. The decree rendered awarding to the plaintiff the amount of its debt, principal, interest and cost, as found by the verdict, was fully discharged, leaving a balance in the hands of the receiver to be applied to the extinguishment of the junior lien of Mrs. Holliday. Counsel for the plaintiff, the Lowry Banking Company, filed a special petition, praying that of the sum so left in the hands of the court after the extinguishment of their client's claim, the court should set apart and award to them as counsel for the plaintiff in the case the sum of twenty-five hundred dollars, upon the idea that the defendant Mrs. Holliday, the holder of the junior mortgage, had taken an interest under the bill, had been stubbornly litigious, and had exposed the plaintiff to unnecessary expense in the assertion of its rights. This petition was demurred to in the court below, upon the ground that the same was insufficient in law, and as affording no ground upon which the court would be authorized to grant the relief prayed for. This demurrer was sustained, and the prayer of the petition refused. Let us see whether the holder of this junior mortgage was liable, out of the fund apportioned to the payment of her debt, to contribute in any manner to the payment of counsel fees for the plaintiff.

Aside from our statutory regulations upon the subject, under the rules of equity pleading, parties having claims are admitted as interveners upon their own application as parties plaintiff, only upon condition that they aver a willingness to bear their portion of the expenses of litigation. This is the condition upon which they are admitted as parties upon their own prayer, and, being so admitted, whether such intervener be the holder of a junior or senior lien, courts of equity have power to tax him with his proportionate share of the expenses of litigation. This is the principle upon which in the administration of an estate by a court of equity the ex-

penses of litigation are awarded in the nature of costs as being superior to the liens of parties at interest. The divesting of the lien, however, and an appropriation of any portion of the money which should be applied to the payment thereof to any other purpose, when made upon the voluntary application of the party holding the lien, is one thing; and the appropriation of such money to such other purpose as against one who is a party defendant and who is proceeding entirely outside the scope of the plaintiff's bill in the assertion of his rights, is entirely a different thing. In the one case, through the plaintiff, he invokes the remedial processes of the court and thereby commits himself to the purposes of the proceeding and likewise to the payment of his proportion of the expenses of litigation. In the other case, his position is one of antagonism to the purposes of the bill, and, though he may take indirectly a benefit thereunder, there is no reason why he should be made liable for the payment of expenses. That a defendant in the assertion of ordinary legal remedies is stubborn and litigious in the assertion of his right, affords no reason why the courts as against him should award counsel fees to his adversary, where he proceeds in good faith and has a substantial right in the premises. The very issue upon which the plaintiff contends that this defendant was stubbornly litigious was submitted to a jury. The issue of fraud in the execution of the mortgage was distinctly made, and that issue was found against the plaintiff. The jury found that the defendant Mrs. Holliday had a *bona fide* existing lien upon the property in question, that she had a *bona fide* subsisting right; but even if this were not true, the plaintiff could not recover against the defendant attorney's fees by way of damages upon the ground that she was stubbornly litigious, for the reason that there was no privity of contract between the plaintiff and the defendant; the defendant had vio-

lated no contract made with the plaintiff, was under no
duty to submit to its demand; and it is only in that class
of cases, under our code, that damages are allowed as
against a defendant who is stubbornly litigious. This
plaintiff's right to have its attorneys' fees allowed out of
this fund must rest, then, upon some supposed equitable
right resulting from the fact that the defendant in some
manner took a benefit under the final decree rendered
in the case. If she had been a voluntary party by inter-
vention to the bill and received affirmative assistance at
the hands of the plaintiff, the plaintiff's contention might
be well founded. In this case whatever benefit this de-
fendant may have taken under the bill was due to no
assistance rendered her by the plaintiff. It is a general
rule of law that every man is to pay his own lawyer,
that every litigant pays his own counsel; and to justify
a court in appropriating the funds of one person to the
payment of the fees of another, the party affirming the
correctness of the proposition ought to be required to
show by uncontrovertible authority the power of the
court so to do. To allow attorneys representing unse-
cured claims to file a creditors' bill and make a mort-
gage creditor a party defendant to the bill, and, upon
marshalling the assets of the estate, to take away from
the mortgage creditor a large proportion of the money
which should be appropriated to the extinguishment of
his lien, and apply it to the payment of counsel fees of
moving creditors, would be nothing short of judicial con-
fiscation. It would be an effort, under the forms of law,
to divest a mortgagee of property of which the court
could have no legal power to deprive him. The same
rule would apply to the holder of a senior mortgage.
He cannot be entitled to more than to have his entire
debt extinguished. As against a defendant who has not
made himself a voluntary party to the bill, it cannot be
said to be either equitable or just that his money be ap-

propriated to the fees of counsel for moving creditors; and we think the court committed no error in sustaining the demurrer and dismissing the petition for the allowance of fees.     *Judgment affirmed.*