## ASHMORE *et al. v.* WHATLEY.

*Simmons, C. J.*—1. A *bona fide* purchaser of the absolute title of real estate who bought without notice of a materialman's lien upon the same, which at the time of the purchase had been neither recorded nor foreclosed, took the property divested of such lien. 1 Jones, Liens, §1048; *Thornton* v. *Carver,* 80 *Ga.* 400, 401, and cases cited.

2. One who derived title from such innocent purchaser was also protected, although he may have had notice of the lien. This latter proposition is sustained in principle by the decisions of this court in *Stamper* v. *Hayes,* 25 *Ga.* 546; *Douglass* v. *McCrackIn,* 52 *Ga.* 596; *Dotterer* v. *Pike,* 60 *Ga.* 29.

*Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Levy and claim. Before Judge Griggs. Clay superior court. March term, 1895.

The plaintiffs were materialmen, and as such furnished Killingsworth with materials to the amount of $70 for the improvement of his dwelling, from January 16 to February 10, 1893. They filed and had recorded their lien within thirty days of the latter named date; and foreclosed the same within twelve months. Upon the levy of their execution, a claim was interposed by Whatley. Killingsworth conveyed the realty upon which the material was used, on February 18, 1893, to Adams, who conveyed the same on the same day to the claimant. Claimant knew Killingsworth was making improvements on the property, but did not know the materials were being bought on credit from plaintiffs; knew he was buying some of them from plaintiffs, and had loaned him some money to pay plaintiffs with; defendant was making the improvements at claimant's request, as he (claimant) expected to buy the property after they were made. He did not know that plaintiffs claimed a lien until long after the same had been recorded. The court directed a verdict for the claimant, and plaintiffs excepted.

*John R. Irwin*, for plaintiffs.