## BENNETT LUMBER COMPANY *v.* MARTIN *et al*

Where title to real estate is conveyed by a duly recorded deed to secure a debt, and the grantee takes the deed and advances the money loaned, without notice and before the record of a materialman's lien upon the property, the title thus acquired is superior to such lien.

Argued November 13, 1908.—Decided April 19, 1909.

Lien foreclosure. Before Judge Pendleton. Fulton superior court. June 10, 1908.

*Moore & Pomeroy,* for plaintiff.

*E. V. Carter* and *E. T. Williams,* for defendants.

HOLDEN, J. The plaintiff alleges that Mrs. Martin contracted with Spencer to make certain improvements on a described lot of land owned by her. Spencer purchased from petitioner certain material to be used in making the improvements, which was so used. The plaintiff fully complied with its contract with Spencer in furnishing materials between the 2d day of October, 1905, and the 11th day of December, 1905; and the plaintiff claims a lien on the property described in the petition, for the purchase-price of such materials. On the 3d of October, 1905, Mrs. Martin conveyed the land to the Dickinson Trust Company by deed to secure a loan of $1,500. The suit was brought against Mrs. Martin, Spencer, and the defendant company, asking that the lien claimed be foreclosed against the property and the judgment of foreclosure have priority over the deed of the defendant, and for other relief. Counsel for both parties treat the claim of lien of the plaintiff and the deed of the defendant company as having been duly recorded. The defendant company filed a demurrer to the petition; and to the order of the court sustaining this demurrer, and dismissing the petition as to the defendant company, the plaintiff excepted.

The question involved in this case is whether or not, under the facts as alleged, the claim of lien of the plaintiff has priority over the deed to the defendant company. The plaintiff in its petition alleges: "That said loan of $1,500 was made by said Dickinson Trust Company to said Mrs. Belle Martin for the purpose of erecting a residence on said described premises, and that said Dickinson Trust Company well knew that at the time said deed was executed said building had not been erected nor had the labor and material therein been paid for. . . That said Dickinson Trust Company did not pay to said Mrs. Belle Martin the sum of $1,500 or any part thereof upon the 3d day of October, 1905, but that said amount was paid to said Mrs. Belle Martin or said Spencer or materialmen as the work thereon progressed, and that petitioner furnished all or part of the material set forth in Exhibit A before said sum of $1,500 had been paid." A bill of

particulars of the material furnished by the plaintiff was attached to the petition, and therein, of date October 2, the day prior to. the execution of the deed, several items of material are charged. If it can be said that any of the material was furnished by the plaintiff before the execution of the deed, there is no allegation that the defendant knew of this fact. It is alleged that the defendant paid to Mrs. Martin, or Spencer, or materialmen, as the work on the residence progressed, the $1,500 loaned by it to Mrs. Martin; but it is nowhere alleged that the defendant knew that the plaintiff furnished any material to be used in improving the property. As it was alleged that the money was loaned for the purpose of erecting a residence on the property conveyed to the defendant, and that the defendant paid to Mrs. Martin, or to Spencer, the contractor, or to materialmen, as the work on the residence progressed, the amount loaned, it is to be presumed that the money was used for the purpose for which it was loaned, to wit, the erection of the residence on the property. It is nowhere alleged that the defendant, before paying out the full amount of the loan, had any notice that the plaintiff had furnished, was furnishing, or even would furnish any of the material for the improvements being made.

The Civil Code, §2804, provides that liens in favor of materialmen shall be inferior to certain liens and claims therein specified, but that they shall be superior to all other liens not therein excepted. It has been held that under this section the lien of the materialman is superior to the lien of a mortgage. *Langston* v. *Anderson,* 69 *Ga.* 65; *Tanner* v. *Bell,* 61 *Ga.* 585; *Georgia Loan Co.* v. *Dunlop,* 108 *Ga.* 218 (33 S. E. 882). This ruling is based on the fact that the lien of a mortgage is not one of the liens excepted in the section above-referred to. While that section provides that the lien of a materialman shall be superior to the liens not therein excepted, there is no provision that the lien of a materialman shall be superior to a title acquired without notice of the existence of such lien. It has accordingly been held, in the case of *Ashmore* v. *Whatley,* 99 *Ga.* 150 (24 S. E. 941), that a bona fide purchaser of the absolute title of real estate, who buys without notice of a materialman's lien upon the property, which at the time of the purchase has been neither recorded nor foreclosed, takes the property divested of such lien. It does not appear from the allega-

tions of the petition that at the time the defendant company took the deed, or during the time it was advancing the money loaned by it to Mrs. Martin, the claim of lien by the plaintiff was recorded or foreclosed, or that the defendant had any notice of the existence of the claim of lien by the plaintiff. The rights acquired by the holder of a security deed are in many respects different from those of the holder of a mortgage lien. The Civil Code, §2771, provides that a deed made to secure a debt shall pass the title of the property to the vendee until the debt is paid, "and shall be held by the courts of this State to be an absolute conveyance, with the right reserved by the vendor to have said property reconveyed to him upon the payment of the debt or debts intended to be secured agreeably to the terms of the contract, and not a mortgage." The title acquired under such deed is superior to the right to a year's support, or dower, though such right to year's support and dower are superior to the lien of a mortgage. When a judgment has been obtained on any indebtedness secured by the deed, before the property can be levied upon and sold there must be a reconveyance by the grantee to the grantor. As stated in *Shumate* v. *McLendon, 120 Ga.* 396 (48 S. E. 10), a security deed conveys absolute title and leaves the grantor no interest in the land which can be levied on under a judgment obtained after the deed was executed. This subsequent judgment can not even be levied upon the land thus conveyed to secure a debt, without first tendering to the holder of the security deed his debt, with interest. If the debt secured by the deed is infected with usury, the deed is void. This is not true with reference to a mortgage. If there is no waiver of the right to homestead by the debtor, he can homestead the property mortgaged, and the exemption will be good against the lien of the mortgage. If the grantor in a security deed homesteads the property conveyed, the exemption is not valid as against the title of the grantee in the deed. It has been held in many instances by this court that a bona fide purchaser of property, without notice of the general and special liens of landlords and laborers, acquires a title superior thereto. In the case of *Frazer* v. *Jackson, 46 Ga.* 621, it was held: "A bona fide purchaser of the absolute title to personal property, without notice of any unforeclosed statutory lien upon it, takes the same divested of any such lien." The lien provided for materialmen is

a statutory lien. In the case of *Clark* v. *Dobbins, 52 Ga.* 656, it was ruled: "A warehouseman and factor who, without notice of any lien, makes advances on cotton which was produced on rented land and stored with him by the tenant, has such a qualified property in, and lien on, the cotton, as to entitle him to reimbursement for such advances and pay for proper charges, before the landlord can enforce his claim for rent against the cotton." On page 658, it was said: "In such case the right of the factor is that of a purchaser to the extent of the advances made, and he has a special property in the thing or article on which he has advanced his money." In the case of *Holmes* v. *Pye,* 107 *Ga.* 784 (33 S. E. 816), where it was held that a bona fide purchaser of cotton raised on rented premises, without notice of the lien of the landlord for rent, took the same freed therefrom, on page 686 it was said: "It is to be noted that the superiority of landlord's liens, as fixed by the statute, is over other *liens.*" So it is with the Civil Code, §2801, par. 4, above referred to, which provides that the liens of materialmen shall be superior to *liens* not therein excepted. There is no provision of our law that the lien of a materialman shall be superior to the title acquired by a bona fide purchaser. While it is true that the lien of a materialman for material furnished in the improvement of real estate is superior to the lien of a mortgage, it is not superior to the title acquired by a bona fide purchaser before the record of such lien and without notice thereof, or the title acquired by one to whom a deed is made conveying the property to secure a debt before such record and without such notice. It not appearing from the allegations of the plaintiff's petition that the defendant ever had any notice of the claim of lien by the plaintiff at the time of the execution of the deed, or before the money borrowed was fully advanced, the court committed no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*