WILLINGHAM-TIFT LUMBER COMPANY *et al.* v. BARNES *et al.*

BECK, J.  1.  The auditor in his report sufficiently complied with the requirements of the law that he should reduce to writing a brief of the oral and documentary evidence submitted by the parties, and with the requirement that he file the evidence and a report in which he shall clearly and separately state all rulings made by him, classify and state his findings, and report his conclusions upon the law and facts; and the court below did not err in overruling the motion to recommit.

2.  "A bona fide purchaser of the absolute title of real estate, who bought without notice of a materialman's lien upon the same, which at the time of the purchase had been neither recorded nor foreclosed, took the property divested of such lien."  *Ashmore* v. *Whatley*, 99 *Ga.* 150 (24 S. E. 941).

3.  There was sufficient evidence to authorize a finding that the grantees in a security deed and in a warranty deed executed by the party against whom the defendants sought to set up their materialmen's liens were bona fide purchasers for value, and took without notice of the liens. *Ashmore* v. *Whatley*, supra; *Bennett Lumber Co.* v. *Martin*, 132 *Ga.* 491 (64 S. E. 484).

4.  There was sufficient evidence to authorize the finding of the auditor that the deed first referred to above was not infected with usury.  *McLean* v. *Camak*, 97 *Ga.* 804 (25 S. E. 493).

5.  What is said above rules the case adversely to the plaintiffs in error upon the controlling issue, and the court below did not err in overruling the exceptions to the findings of the auditor.

> *Judgment affirmed.    All the Justices concur.*
> AUGUST 17, 1917.

Exceptions to auditor's report.  Before Judge Pendleton.  Fulton superior court.  July 21, 1916.

*John C. Hart Jr., Dorsey, Shelton & Dorsey, Leonard Haas, Walter A. Sims,* and *Owens Johnson,* for plaintiffs in error.

*V. A. Batchelor, King & Spalding,* and *Daniel MacDougald,* contra.