## DWIGHT *v.* ACME LUMBER & SUPPLY COMPANY.

*W. E. Mann, W. G. Mann,* and *L. T. Mann,* for plaintiff in error.

Hutcheson, Justice.   On August 7, 1935, Acme Lumber and Supply Company obtained a judgment against McKinley Dwight, declaring it to be a special lien on certain real estate.   Execution issued and was levied on the real estate.   Bessie Dwight, wife of the defendant, filed her claim to the property.   On the trial the jury found the property subject to the execution.   A motion for new trial was overruled, and the claimant excepted.   It appears from the evidence that she had loaned money to her husband at various times; that the plaintiff had furnished the husband building supplies and materials which went into the building of the house on a lot which the husband at that time owned, this house and lot being the property levied on; that after the house was completed the husband conveyed the property to the claimant to secure the loans made to him; that the claimant saw the materials and supplies delivered to the building site when the house was being constructed; that no representations were made to the plaintiff as to the ownership of the property; that no notice was ever given to claimant that the supplies and materials were being bought, and no demand ever made on her for payment.   She contends that the evidence did not warrant a finding that she had expressly or impliedly consented to the improvements made in the building of the house, and for that reason the property should have been found not subject.   No issue is raised, that, in the absence of a suitable amendment or proper equitable plea, the only issue which can be tried in an ordinary claim case is whether or not the property is subject, and no evidence can be introduced which tends to show merely that in good conscience and equity the claimant is liable for the debt.   See, in this connection, *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264 (33 S. E. 73) ; *Ford* v. *Holloway,* 112 *Ga.* 851 (38 S. E. 373) ; *Liberty Lumber Co.* v. *Enecks,* 23 *Ga. App.* 311 (98 S. E. 97).   Under the evidence as disclosed by the record, it is not necessary to pass on this question; nor is it necessary to decide

whether, if such evidence is admitted without objection, the failure to amend is cured by the verdict; this for the reason that the evidence discloses that the claimant did not have title to the property at the time the materials and supplies were furnished. Therefore those cases involving the question whether the true owner of real estate has expressly or impliedly consented to the improvements being placed thereon, so as to bind the owner for the contract price or the value of the improvements (*Williams* v. *Brewton,* 170 *Ga.* 164, 152 S. E. 441, and cit.), are not applicable to the present case. There was no equitable amendment in aid of the levy, attempting to set aside the conveyance to the claimant, no attack was made against it; and from all that appears from the evidence the conveyance was bona fide and for valuable consideration. The claimant's deed having been recorded on December 4, 1933, almost two years before the plaintiff's judgment was obtained, she is entitled to prevail in the claim case. While the evidence shows that "the lien" was recorded a few days after the deed to the claimant was delivered and recorded, it does not appear whether "the lien" was recorded within the time required by law, nor does it appear that the judgment on which the execution issued was a judgment of foreclosure of the materialman's lien, nor that the suit, if it was a foreclosure suit, was instituted within the time required by law. Code; §§ 67-2001, 67-2002. It follows that the judgment on which the execution issued is entitled to priority only from its date.

Under the evidence and the above rulings, the judge erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*