### DWIGHT v. ACME LUMBER AND SUPPLY COMPANY.

GRICE, Justice. 1. "'A bona fide purchaser of the absolute title of real estate, who bought without notice of a materialman's lien upon the same, which at the time of the purchase had been neither recorded nor foreclosed, took the property divested of such lien.' *Ashmore* v. *Whatley*, 99 *Ga.* 150 (24 S. E. 941)." *Willingham-Tift Lumber Co.* v. *Barnes*, 147 *Ga.* 209 (2) (93 S. E. 201).

2. Where a materialman furnished to an owner of real estate lumber and material to be used in the construction of a house thereon, and after the completion of the house, but within three months from the date some of the material used in the construction was so furnished, recorded his claim of lien; and where within twelve months after his claim became due he instituted suit to foreclose his lien, obtained a judgment declaring it to be a special lien on the property so improved, and an execution thereon was issued and levied on the property, and a third party to whom a deed thereto from the owner was made and recorded after the completion of the house but two days before the materialman's claim of lien was recorded, filed a claim, it was error for the court to direct the jury to return a verdict finding the property subject, in the absence of any attack on the deed of the claimant.

*Judgment reversed. All the Justices concur.*

No. 12406. SEPTEMBER 27, 1938.

826

*W. E. & W. G. Mann,* for plaintiff in error.
*Carlton C. McCamy,* contra.