## DWIGHT *v.* ACME LUMBER AND SUPPLY COMPANY.

No. 12911.  November 29, 1939.  Rehearing denied December 15, 1939.

*W. E. & W. G. Mann,* for plaintiff in error.
*Carlton C. McCamy,* contra.

Atkinson, Presiding Justice.  On the first appearance of this case in this court it was held: "Where an owner of realty purchases materials which are used in the erection of a building on the realty, and after the completion of the building he executes a warranty deed conveying the building and premises to his wife to secure her for money advanced to him, which deed is duly recorded, and the materialman, approximately two years later, obtains a judgment against the husband, and the execution thereon is levied on the property conveyed, to which levy the wife files a claim, it not appearing that the materialman has preserved his lien and that the judgment so obtained is based on timely foreclosure of a properly recorded lien, in the absence of fraud the wife is entitled to pre-

vail. The evidence was insufficient to support the verdict that the property was subject to the execution." *Dwight* v. *Acme Lumber & Supply Co.*, 183 *Ga.* 139 (187 S. E. 668). On the second appearance it was held: "'A bona fide purchaser of the absolute title of real estate, who bought without notice of a materialman's lien upon the same, which at the time of the purchase had been neither recorded nor foreclosed, took the property divested of such lien. *Ashmore* v. *Whatley,* 99 *Ga.* 150 (24 S. E. 941).' *Willingham Tift Lumber Co.* v. *Barnes,* 147 *Ga.* 209 (2) (93 S. E. 201). . . Where a materialman furnished to an owner of real estate lumber and material to be used in the construction of a house thereon, and after the completion of the house, but within three months from the date some of the material used in the construction was so furnished, recorded his claim of lien; and where within twelve months after his claim became due he instituted suit to foreclose his lien, obtained a judgment declaring it to be a special lien on the property so improved, and an execution thereon was issued and levied on the property, and a third party to whom a deed thereto from the owner was made and recorded after the completion of the house but two days before the materialman's claim of lien was recorded, filed a claim, it was error for the court to direct the jury to return a verdict finding the property subject, in the absence of any attack on the deed of the claimant." 186 *Ga.* 825 (199 S. E. 178). After the second decision, the plaintiff filed an equitable amendment in aid of the levy, attacking as void the deed to the claimant from her husband, as being without consideration and intended by the parties to delay and defraud the plaintiff as a creditor of the husband alleged to be insolvent. A verdict for the plaintiff was returned. The claimant's motion for new trial, on the general grounds, and on special grounds presently referred to, was overruled, and she excepted.

1. The former rulings of this court between the same parties, and on the same facts as to claim of lien and record thereof are conclusive, adversely to the plaintiff in execution, as to validity of the claim of lien. In so far as the grounds of the motion for a new trial, referring to certain statements by the judge and his examination of a witness as to matters relating to the asserted claim of lien, may be sufficiently definite to state assignments of error for decision, they do not show cause for a reversal of the judgment based on the lien of the general judgment.

2. The former decisions are not adverse to the plaintiff in execution on the right under the general judgment against the defendant in execution, the husband of claimant and grantor in the deed under which the claimant asserts title.

3. "A married woman may make contracts with other persons; but when a transaction between husband and wife shall be attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction was fair." Code, § 53-505.

(a) The attorney for the plaintiff stated: "If I understand, the burden to prove the validity of the deed is upon him. The deed between husband and wife is presumed to be null and void." The court replied: "The burden is on them. The mere introduction of a deed is not proof of its validity." The charge of fraud of the husband and wife in the execution of the deed having been made as set forth in the equitable amendment, this statement by the judge was not erroneous when applied to the facts, as contended by the movant's attorney in the second special ground of the motion for a new trial, on the ground that it "was not the law, and was prejudicial and harmful in that in so remarking in the presence of the jury [it] was calculated . . to lead the jury to believe that the law prohibits husband from making any valid and binding deed to his wife and especially when made in connection with the statement made." See *Phinizy* v. *Clark,* 62 *Ga.* 623, 627; *Conley* v. *Buck,* 100 *Ga.* 187, 207 (28 S. E. 97); *Buttrill Guano Co.* v. *Curry,* 147 *Ga.* 11 (92 S. E. 521).

(b) The execution commanded levy upon all the property of the defendant and the described property upon which a claim of lien had been asserted, but did not mention any claim of special lien. The entry of levy on the execution, dated and signed by the sheriff, stated: "I have this day executed the within fi. fa. by levying upon the within described property. Tenant in possession notified." This was a sufficient levy on the land as property of defendant under the general judgment and execution, and there was no error in refusing to dismiss the levy on motion of the attorney for the claimant, asserting invalidity of the claim of special lien.

4. "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz:

. . Every conveyance of real or personal estate, by writing or otherwise, . . or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking. A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." Code, § 28-201. Under this law and § 53-505, as applied supra, the judge did not err, for any reason stated, in charging the jury "that if this property upon which the levy was made was the property of McKinley Dwight, and McKinley Dwight made this deed to his wife, Bessie Dwight, with the intention on the part of McKinley Dwight to delay or defraud his creditors, and if this intention was known to his wife, Bessie Dwight, or if she had grounds for reasonable suspicion that it was his intention to delay and defraud his creditors, then the conveyance from McKinley Dwight to Bessie Dwight would be null and void, and you should so find, and find the property subject." The criticisms of the charge are, that (1) it is not the law applicable to the pleadings and evidence; (2) there is no evidence to authorize it; (3) it is argumentative and intimates the opinion that the deed was made to defraud; (4) it referred to all creditors (whether special or general lien as by common-law judgment), whereas there was no effort to enforce a common-law judgment, nor was there any other creditor, but simply an effort to enforce the alleged special lien which did not exist.

5. In view of the attack upon the deed in the equitable amendment and the allegations of insolvency of the husband and the onus imposed on the husband and wife by the Code, § 53-505, to show that the transaction was fair, and in view of their failure to testify, it was not erroneous to charge the jury as declared in the Code, § 28-201 (3) : "Every voluntary deed or conveyance not for a valuable consideration made by a debtor insolvent at the time of such conveyance is likewise null and void." The criticism is that there was no evidence of the husband's insolvency, and that the charge was an intimation of opinion that there was such evidence.

6. The judge charged substantially in the language of the Code, § 53-505, supra. The charge was not erroneous as argumentative and not authorized by the pleadings and the evidence.

7. The judge charged: "If it was the intention of the husband to delay or defraud his creditors, and this intention was known to

his wife, or if she had grounds for reasonable suspicion that it was his intention to delay or defraud his creditors, then the conveyance would be null and void, and you should find the property subject." This charge was not erroneous on the ground that it was argumentative and was not authorized by the evidence.

8. Complaint is made that after charging § 53-505, quoted above, the judge charged further "that where a husband conveys property to. his wife, and a levy is made thereon by a creditor of the husband, and the wife claims title to the property under such conveyance and files claim thereto, and the transaction between the husband and wife is attacked by the creditor of the husband upon the ground that it was a fraudulent conveyance to delay or defraud such creditor, the burden is not on the creditor to establish fraud, but the burden is upon the husband and wife to show that the transaction as a whole was free from fraud, and that the intention of the husband, if any existed, to delay or defraud his creditors was unknown to his wife and that she did not have reasonable ground for suspicion. The court instructs you further that fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction." It is contended, (a) that this charge is not the law; (b) that it is not applicable to the pleadings and the evidence; (c) that there is no evidence to authorize it; (d) that it is argumentative, misleading, and confusing. The charge was not erroneous as against the plaintiff in error, for any reason assigned. The last part of the instruction was substantially in the language of the Code, § 37-706.

9. The verdict for the plaintiff was authorized by the evidence. The judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*