42308. BUILDERS SUPPLY COMPANY, INC. v. PILGRIM et al.

ARGUED SEPTEMBER 13, 1966—DECIDED JANUARY 24, 1967.

*Robert Edward Surles,* for appellant.

*Thomas J. Espy, Jr., F. H. Boney,* Andrew Pilgrim, *pro se,* for appellees.

DEEN, Judge. ■ A judgment of the trial court is appealable if, had it been rendered as contended by the appellant, it would have been a final disposition of the case or final as to some material party thereto. The motion to dismiss the appeal is based on the fact that one of the defendants, First Federal Savings & Loan Association of Summerville, had filed an answer in which it contended that the petition had, as to it, been filed in bad faith with knowledge that it had a valid defense to the claim, and asking that it be awarded attorney

fees. Whether or not the judgment of the court was final as to it, however, the order granting the motion for summary judgment as filed by the defendants Fred and Ross Thomas is final as to them, and consideration of this judgment will also necessarily adjudicate the relative priorities of the materialman's lien and the deed to secure debt to the grantee First Federal. The motion to dismiss is therefore denied.

■ " 'Where title to real estate is conveyed by duly recorded deed to secure debt, and the grantee takes the deed and advances the money loaned, without notice of a materialman's claim of lien upon the property, and before the record thereof, the title thus acquired is superior to such lien.' *Picklesimer v. Smith*, 164 Ga. 600 (1) (139 SE 72)." *Harris v. Parham*, 213 Ga. 725, 728 (101 SE2d 722). Where the true owner puts title in the name of a contractor for the purpose of having improvements made and the property is thereafter reconveyed to him, such true owner is held as a matter of law to have co-operated with his vendee in such manner that the claim of lien of the materialman will attach to his property, the interest of both being bound for the payment of the labor and material furnished for the improvements. "It would seem, furthermore, that public policy would require such a conclusion. Otherwise the lien laws could be circumvented by placing the title to land in contractors who could in turn agree to sell the lot as improved. Then the purchaser could claim to be a bona fide purchaser upon receipt of a deed to the property and materialmen and laborers would have no recourse upon the property." *West Lumber Co. v. Gignilliat*, 77 Ga. App. 336, 339 (48 SE2d 688). On the second appearance of this case (*Gignilliat v. West Lumber Co.*, 80 Ga. App. 652, 659 (56 SE2d 841)), however, after a retrial in which the owner defendant produced an affidavit from the contractor as required by *Code Ann.* § 67-2001 (2), this court held that the trial judge erred in not receiving it in evidence, since he "would have been authorized to find that the affidavit was a complete defense to the attaching of the lien to Gignilliat's property, in the absence of any other showing."

So far, then, the situation is clear under the statement of

facts above detailed. The Thomas brothers could not defend against the lien of a materialman for supplies furnished the owner-contractor Pilgrim on the ground that they were not parties to that contract so as to preclude a judgment merely finding the property subject to lien. They deeded the land to Pilgrim for the purpose of having the house built, intending to take title when it was completed, and they are therefore in the same situation as the vendor in *Williams v. Brewton,* 170 Ga. 164 (152 SE 441), except that their consent was explicit and did not arise by implication. First Federal, however, had no notice of the plaintiff's claim on June 9, 1965, when it accepted the deed to secure debt. "An unrecorded claim of a materialman's lien is inferior to a security deed on the property improved, taken without actual notice of the unrecorded claim of lien. *Bennett Lumber Co. v. Martin* [132 Ga. 491, 64 SE 484]; *Milner v. Wellhouse,* 148 Ga. 275 (96 SE 566); *Oglethorpe Savings & Trust Co. v. Morgan,* 149 Ga. 787, 792 (102 SE 528); *Picklesimer v. Smith,* 164 Ga. 600, supra; *Dwight v. Acme Lumber & Supply Co.,* 183 Ga. 139 (187 SE 668), s.c. 186 Ga. 825 (199 SE 178)." *Georgia State Savings Assn. v. Wilson,* 189 Ga. 21 (5) (5 SE2d 14).

There is evidence that between the time First Federal received the deed to secure debt and disbursed the funds, retaining, however, $1,000 to apply to completion of a bathroom in the house, and the time it surrendered the $1,000 to the Thomas brothers, plaintiff both recorded its claim of lien and gave the bank actual notice of the alleged unpaid debt. This did not change the obligations of the bank as to payment, since those obligations accrued on June 9 before the notice was given. Furthermore, the lending institution was entitled to rely on the affidavit signed jointly by Pilgrim and the Thomases that there were no unpaid bills outstanding for labor or materials at the time of the loan.

■ From what has been said above, it is clear that First Federal was not "a true owner" of real property to whom it was necessary that the contractor furnish an affidavit under *Code Ann.* § 67-2001 (2) "that the agreed price or reasonable value thereof has been paid" in order to protect its interest

as against the claim of the materialman. It did take an affidavit signed by Pilgrim and both Thomas brothers to the effect that there were no unpaid bills of any nature for labor or material outstanding against the property, and was entitled to rely upon such affidavit in making the loan in the absence of either actual or constructive knowledge to the contrary. The demurrers and motions to strike the affidavits as exhibits were properly overruled.

■ Ordinarily, the services of an attorney must be paid by the client who employs him. *Hill v. Bush,* 206 Ga. 543 (1) (57 SE2d 670). Foreclosure proceedings are not ordinarily within the purview of *Code* § 20-1404. *Lowry Bkg. Co. v. Atlanta Piano Co.,* 95 Ga. 146 (22 SE 42). The plaintiff materialman, who had both notified the savings institution of its claim and properly recorded its lien, even though it turns out that these things were not done in time to give it priority over the latter, was entitled to test the question before a judicial tribunal. The allegations of the defendant's answer charging that it had acted in bad faith and been stubbornly litigious, and seeking a judgment for attorney fees for defending the suit, were subject to be stricken on demurrer, and the court erred in overruling the demurrers to paragraphs 9 and 10 of its answer. *Fender v. Ramsey,* 131 Ga. 440, 441 (2) (62 SE 527).

*The orders granting the motions for summary judgment are affirmed. The order overruling the demurrers to the answer of First Federal Savings & Loan Association is affirmed in part and reversed in part. Quillian, J., concurs. Hall, J., concurs in the judgment.*