43145. COMMERCIAL UNION INSURANCE COMPANY
v. SCOTT.

Argued October 3, 1967—Decided October 25, 1967—
Rehearing denied November 14, 1967—

*Erwin, Birchmore & Epting, Denny C. Galis,* for appellant.

*Hudson & Stula, Jim Hudson, Guy B. Scott, Jr.,* for appellee.

FELTON, Chief Judge. Although the plaintiff designated his action as one for "money had and received," testified that the basis of his action was unjust enrichment, and objected to the defendant's referring to the action as a "suit for attorney's fees," admitting that he was never the attorney for the defendant, the evidence as a whole shows that the amount sought was, indeed, an attorney's fee. The plaintiff himself must have realized this, since he not only acknowledged the money as his attorney's fee several times in his testimony, but also specifically designated it as such in the bill he sent to the defendant. According to the plaintiff's own testimony, the portion of the $775.45 recovery he claimed (one-third) was that stipulated in his contract for attorney's fee with his client, Mr. Lowery.

"Ordinarily, the services of an attorney must be paid by the client who employs him. *Hill v. Bush,* 206 Ga. 543 (1) (57 SE2d 670)." *Builders Supply Co. v. Pilgrim,* 115 Ga. App. 85, 89 (153 SE2d 657). "The relation of attorney and client is created by contract; and litigants who have not thus assumed liability for attorney's fees can not generally be held liable therefor, although they have been benefited, directly or indirectly, by the attorney's services." *Eckford v. Borough of Atlanta,* 173 Ga. 650, 652 (160 SE 773); *Christian Women's Benev. Assn. v. Atlanta Trust Co.,* 181 Ga. 576, 581 (183 SE 551). See also 7 AmJur2d 166, Attorneys at Law, § 205; 7 CJS 1041, Attorney and Client, § 175. The fact that the defendant was benefited by the plaintiff's services in obtaining a settlement with the third party tortfeasor, out of which fund the defendant received reimbursement for the workmen's compensation payment made to its insured's employee, Mr. Lowery, does not make it liable to the plaintiff for such incidental benefit. Plaintiff's motive for suing the third party tortfeasor, it must be assumed, was to obtain an adequate recovery for his own client and, thereby, an attorney's fee for himself, rather than to obtain reimbursement for the defendant. Even if it had been possible for the defendant to proceed directly against the city for such reimbursement, this would not have been necessary,

since it could, and did, obtain a statutory lien against the injured employee's net recovery under the provisions of *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145).

While the statutory provision that this lien is against the *net* recovery, means that attorney's fees and expenses are deducted in priority to the employer's lien and before there is any excess for the employee, "[i]f the sum recovered by the employee is more than enough to pay attorney's fee and reimburse the carrier, the carrier is reimbursed in full, and is not required to share the legal expenses involved in obtaining the recovery." Larson, The Law of Workmen's Compensation, Vol. 2, p. 210, § 74.32, Fees, Expenses & Interest. The plaintiff testified that his fee, under his contract with his client, was to be "one-third of any settlement or recovery." The total amount of his client's recovery from the city was $3,750. The fact that $775.45 of this was paid to the defendant rather than to his client, does not make the defendant liable for the attorney's fee on that portion of the recovery. The check for $775.45 from the city's insurance carrier to the defendant merely reimbursed the defendant for its previous payment to the client, therefore, and did not decrease by that amount the client's total recovery, upon which he owed the one-third as attorney's fee. The plaintiff's fee, then, was one-third of the client's total recovery of $3,750, or $1,250. Even though it was not done, the larger check from the city's insurance carrier, made payable to the plaintiff, his client and his client's wife, was adequate for the plaintiff to have deducted his entire $1,250 fee therefrom, leaving the balance thereof as a net recovery. There is no evidence of any fixed amount to be received by the wife in the settlement as would render the amount of the subrogation payment less than $775.45. The burden to prove such a situation would have been on the plaintiff. The smaller check could have been used simply to facilitate the reimbursement of the defendant, the purpose for which it was apparently issued, as is indicated by the facts that the amount was the same as the workmen's compensation payment and that the defendant was made a payee thereon. The stipulation covering the disbursement of the money received from the City of Athens nec-

essarily shows that there was sufficient recovery by Mr. Lowery to show that there was an excess sufficient to cover the subrogation check.

Regarding the so-called "conditions" which the plaintiff testified that he imposed upon the defendant in transmitting the check to it, there appears in the record no oral or written evidence embodying such purported conditions, on the reverse side of the check or elsewhere, which might have made the defendant legally liable for the payment of a sum for which the plaintiff's client was otherwise contractually liable. Nothing said hereinabove shall be construed as expressing an opinion as to the liability of the plaintiff's client for attorney's fees at the time of the bringing of this action.

It follows that the court erred in rendering judgment in favor of the plaintiff.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*