James H. **JOHNSON**, Plaintiff-Appellant,
and
United States Fidelity & Guaranty Company, a Corporation, Intervenor-Appellee,

v.

General D. **LEE** et al., Defendant.

No. 71–2585.

United States Court of Appeals,
Fifth Circuit.

May 25, 1972.

Joseph S. Mead, Birmingham, Ala., for plaintiff-appellant.

H. H. Grooms, Jr., Birmingham, Ala. (For USF&G), for appellee; Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., of counsel.

Before RIVES, BELL and MORGAN, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from a final judgment of the district court granting intervenor-appellee's motion for a determination of priority to $10,000 paid into the registry of the district court as partial satisfaction of two judgments against the defendant. The sole issue is whether the district court properly apportioned the money between the plaintiff, plaintiff's attorney, and the intervenor. We find no error in the district court's allocation of these funds under Georgia law, and therefore affirm.

Plaintiff brought this diversity action to recover for damages sustained in an accident resulting from the negligence of the defendant. United States Fidelity and Casualty (USF&G) was the workmen's compensation insurance carrier for plaintiff's employer and had paid claims to plaintiff totalling $7,045 as a result of this same accident. USF&G moved to intervene under Rule 24(a), Federal Rules of Civil Procedure, in order to protect its right to reimbursement and subrogation under § 114–403, Ga.Code Ann.[1]

1. § 114–403:

"Damages and compensation both recoverable; subrogation.—Whenever any person is called upon to pay compensation, medical expenses and/or funeral expenses on account of injury or death compensable under this Title, and such person contends that a person or persons other than the employer is liable to pay damages, on account of such injury or death, to the injured employee or those entitled to recover for the employee's death, such person called upon to make such payment may give to the persons contended to be so liable and to the injured employee or those entitled to recover on account of his death written notice of such contention and of the fact that the person giving notice is required to make such payment.

The motion to intervene was granted by the district court, and following the trial of this matter, a jury verdict was entered in favor of the plaintiff in the sum of $35,000. A separate judgment was entered in favor of the intervenor in the sum of $7,045, the amount it claimed as subrogee. The defendant, however, proved to be insolvent and the only funds available for the satisfaction of the two judgments were provided by defendant's insurance coverage. Thereafter, the sum of $10,000 plus costs was paid into court by the insurance carrier.

USF&G then moved for a "determination of priority of subrogee to funds paid into court." The district court held that under the provisions of Georgia Code § 114–403, supra, the intervenor, as the workmen's insurance carrier, was entitled to a lien against the net recovery made by the employee. This lien, the court stated, was subject only to the first lien of the plaintiff's attorney. Accordingly, the court ordered that one-third of the $10,000 be paid to the plaintiff's attorney, and that the remainder be paid to USF&G in partial satisfaction of its lien. The result was that USF&G recovered all save $378.33 on its claim and plaintiff recovered nothing. This appeal followed.

After careful consideration of the record, we conclude that the district court was correct in its allocation of these funds. Under the law of Georgia, which all parties agree is applicable in this case, the payor of a workmen's compensation claim has a right to subrogation and reimbursement out of the net recovery had by an injured employee against a third-party tortfeasor. This right is protected by a lien against the net recovery and is superior to any claim that may be asserted by the em-

ployee. See Travelers Insurance Company v. Houck, 1968, 118 Ga.App. 154, 162 S.E.2d 781; Commercial Union Insurance Co. v. Scott, 1967, 116 Ga.App. 633, 158 S.E.2d 295; Knight v. Shelby Mutual Insurance Co., 1964, 110 Ga.App. 149, 137 S.E.2d 925.

As held by the district court, this lien of the compensation benefits payor is subject only to the first lien in favor of plaintiff's attorney. See, e. g., Commercial Union Insurance Co. v. Scott, supra; Branch & Howard v. Georgia Casualty Insurance Co., 1929, 39 Ga.App. 319, 147 S.E. 144. As indicated by Commercial Union Insurance Co. v. Scott, supra, the compensation benefit payor is not required to bear any pro rata share of attorneys fees except to the extent that the amount recovered is insufficient to satisfy both liens in full. Where it is not sufficient, as is the case here, the attorney's lien is satisfied in full and the remainder, i. e., the "net recovery" referred to in § 114–403, supra, goes to the compensation benefit payor. We therefore hold that the allocation of the funds in question by the district court is required under the Georgia law.

We agree with plaintiff that the result seems inequitable. It is difficult to understand why plaintiff must, in effect, pay attorneys fees for the enforcement of the lien which the statute provides for USF&G. For example, if the lien of USF&G for $7,045 was subjected to the first lien for attorneys fees, the net to USF&G would be reduced by one-third. The balance of the $10,000, the sum of $2,955 would then be due plaintiff, reduced also by one-third to satisfy the lien for attorneys fees. The answer in the negative to this lies in the Georgia decision that the lien for attorneys fees is satisfied first and out of the

Upon giving such written notice, the person called upon to make such payment shall be subrogated, to the extent of the compensation medical expenses and/or funeral expenses payable, to all rights arising out of the injury or death which the injured employee or those entitled to recover on account of his

death shall have against such notified persons, and shall have a lien therefor against the net recovery of any judgment or settlement recovered by the injured employee or those entitled to recover on account of the employee's death against any of the persons so notified."

whole sum. Commercial Union Insurance Company v. Scott, supra.

Alabama has sought by statute to avoid such an inequitable result. Title 26, § 312, Code of Alabama. See Baggett v. Webb, 1971, 46 Ala.App. 666, 248 So.2d 275. This case, as noted, is governed by the law of Georgia.[2]

Affirmed.

---

2. In a highly professional approach to the attorney-client relationship, counsel for plaintiff has represented to the court that, absent relief from the stricture of the Georgia law which results in his client receiving nothing, he intends to remit two-thirds of his fee to the client.