## 57988. BEACON COMPANY, INC. et al. v. CHEROKEE FEDERAL SAVINGS & LOAN ASSOCIATION OF CANTON.

MCMURRAY, Presiding Judge.
This case involves the construction of a dwelling house in which a construction loan was obtained prior to

the start of construction, the same being evidenced by a deed to secure debt and note. Thereafter the owner allegedly incurred indebtedness from two mechanics and materialmen for building materials and labor in which liens were filed but only after the construction loan funds had been paid out to others. An affidavit had been received by the lender from a general contractor when the loan was completely disbursed.

Upon learning that the construction loan had been disbursed and they had not been paid, the Beacon Company, Inc., a supplier of building materials for construction purposes, and Ken Pettit, a contractor engaged in the business of electrical and plumbing contracting, sued the lender, Cherokee Federal Savings and Loan Association of Canton, Georgia, contending that the owner is no longer residing upon the subject property, the house is vacant, and the defendant is seeking to foreclose the construction loan in the amount of $34,500, whereas the subject property has a market value of approximately $55,000. Plaintiffs contend that defendant, if it should be the highest bidder, could obtain a windfall profit of $20,500, and the plaintiffs are subject to manifest peril unless the property is placed in the possession of the court, contending that their mechanics' and materialmen's liens are superior to the construction loan of the defendant. Plaintiffs prayed for a temporary and permanent injunction, the appointment of a receiver, and that their respective liens be declared superior to defendant's construction loan, and for such other and further relief as the court deemed proper.

After a hearing, the foreclosure proceeding was allowed to continue with the proviso that if the amount bid and paid at the foreclosure sale exceeded $16,000, the amount of $16,000 would be deposited by the defendant in escrow with the clerk of the superior court to be held pending resolution of the factual issues, and that if the amount bid at the foreclosure sale was less than $16,000, a no-sale should be declared, and the foreclosure proceedings on the property be abated until further order of the court. Whereupon, plaintiffs amended to strike the averments and the prayers with respect to the injunction and the appointment of a receiver, but alleging a

conspiracy between the defendant and the owner to deprive them from being paid for materials provided and labor performed and praying that their liens be declared superior to the defendant's deed to secure debt and they have judgment against defendant for the amount of their liens. The sale was held, and the funds received, after further proceedings, were eventually paid into the court.

The case came on for trial. The defendant moved the court for a directed verdict (at the conclusion of the plaintiffs' case and again at the conclusion of all the evidence offered by both parties). The trial court held there was no conflict in the evidence as to any material issue, and the evidence introduced with all reasonable deductions therefrom, demanded a verdict for the defendant. The jury was instructed to return a verdict for the defendant. Whereupon the $16,000 deposited with the clerk, together with interest earned in escrow, was ordered paid over to the defendant. Plaintiffs appeal. *Held:*

The evidence failed to establish any concerted action between the defendant and the owner to deprive the plaintiffs from being paid for materials provided and labor performed in the construction of the dwelling. No evidence was shown whereby the mechanics' and materialmen's liens were superior to the defendant's loan deed for construction purposes. A somewhat similar case to the case sub judice is that of *Reid v. Saul,* 146 Ga. App. 264 (246 SE2d 121) in which summary judgment granted in favor of the defendant lender was affirmed, this court holding the lender owed no contractual duties to subcontractors or other mechanics and materialmen to see that they were properly paid for improvements to the subject property. That case is controlling here. See also *Builders Supply Co., Inc. v. Pilgrim,* 115 Ga. App. 85, 87 (153 SE2d 657) and cits. Accordingly, the trial court did not err in directing the verdict and rendering judgment in favor of the defendant.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 13, 1979 — DECIDED JULY 10, 1979.

*Susan Landrum, Gaines A. Tyler,* for appellants.
*H. Michael Bray, J. Carey Hill,* for appellee.